IN THE UNITED STATES DISTRICT COURT
FOR MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH NIQUE689134@GMAIL.COM THAT IS STORED AT PREMISES CONTROLLED BY TEXTNOW INC. | Case No. 2:24-mj-210-KFW <br><br> Filed Under Seal |

AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT

I, Task Force Officer Brian Rose, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by TextNow Inc., an electronic communications service accepting process at 1 Sutter Street, Unit 800, San Francisco, CA 94104.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require TextNow Inc. to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

2.     I am a "federal law enforcement officer" within the meaning of Federal

1

Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") since May 2021 and I am presently assigned to the Portland, Maine, office. I have been a police officer with the Lewiston Police Department since 1999.

3.     In the course of my law enforcement training and experience, I have had the opportunity to search for, seize, and personally observe what I recognized to be and what was later confirmed by drug analysis to be scheduled drugs, including but not limited to heroin, fentanyl, cocaine, marijuana (both dried and growing), cocaine base, methamphetamine and various narcotics lawfully available only by prescription. As a result, I am personally familiar with the appearance of each of those substances. I have drafted a number of drug related search and arrest warrants and have assisted in the execution of numerous search and arrest warrants in which controlled substances, drug paraphernalia, and other contraband was found. Through my training and experience, I have become familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in the trafficking of illegal drugs.

4.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses, including through review of official law enforcement reports. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant.

5.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and

846 have been committed by Sylas Way and others. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

JURISDICTION

6.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).]

PROBABLE CAUSE

7.      In August 2023, an undercover agent ("UC") from the Maine Drug Enforcement Agency conducted multiple controlled purchases of cocaine base from an individual in Lewiston, Maine ("CD1").[1]

8.      During one of the controlled purchases, in August 2024, the UC drove to meet CD1 at a location in Lewiston Maine. Upon arriving at the location, CD1 got into the UC's vehicle and directed the UC to drive to 169 East Avenue, Lewiston, Maine. The UC parked in the driveway and provided CD1 with a sum of United States currency. The UC observed CD1 leave the vehicle and enter the residence at 169 East Avenue. A short time later, the UC observed CD 1 enter the residence and return to the vehicle. Upon returning to the vehicle, CD 1 provided the UC with a quantity of suspected cocaine base. The suspected cocaine base was tested using a Tru-Narc device with a positive result for cocaine base.

---

[1] CD 1 subsequently pleaded guilty to state drug trafficking charges and agreed to cooperate with state prosecutors.

3

9.     MDEA agents subsequently obtained a state search warrant authorizing a search of the residence at 169 East Avenue, Lewiston, Maine. This residence was known to be the residence of Sylas Way, who was then on supervised release pursuant to a federal conviction for Distribution of Cocaine Base in violation of 21 U.S.C. 841(a)(1). *See United States v. Sylas Way a/k/a Cali* 2:18-cr-00126-NT.

10.     On August 22, 2023, MDEA Agents executed the search warrant at 169 East Avenue, Lewiston, Maine. Prior to executing the search warrant, an MDEA agent observed Way leave the residence. Upon search the residence, MDEA agents found items inside, including: a bag containing suspected cocaine base that weighed approximately 62.7 grams, approximately 11 grams of cocaine powder, and digital scales. The suspected cocaine base was tested using a Tru-Narc device with a positive result for cocaine base.

11.     CD1 has since been interviewed by law enforcement on several occasions. During these interviews, CD1 stated in substance and in part that "Cali" was the source of the cocaine base that CD1 sold. In addition, CD1 stated that CD1 had engaged in communications with Cali regarding drug transactions via cellular telephone and TextNow. In addition, CD1 stated in substance that the account identifier for CD1's TextNow Account that was used to communicate with Cali is NIQUE689134@GMAIL.COM.

12.     I am aware that Sylas Way has used the nickname Cali, and that he resided at 169 East Avenue, Lewiston, Maine at the time of the above-detailed controlled purchases.

4

13.     I have reviewed information concerning the communications services provided by TextNow Inc. on the company's website.[2] I am aware that "TextNow is a VoIP (Voice over Internet Protocol) service that allows users to text and call any number in Canada & the USA. Additionally, users are able to purchase credits to make international long-distance calls. TextNow provides the user with a real phone number which can be used on any smartphone, tablet or desktop computer with an Internet connection. The application can be used on multiple devices under the same login at the same time."[3]

14.     In general, I am aware that providers like TextNow Inc. ask each of their subscribers to provide certain personal identifying information when registering for an account.  This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, e-mail addresses, and, for paying subscribers, a means and source of payment (including any credit or bank account number).

15.     In addition, I am aware that providers such as TextNow Inc. typically retain certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account.  In addition, providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with

---

[2] See generally, TextNow.com (Last visited 6/24/2024).
[3] See https://help.textnow.com/hc/en-us/articles/360052815553-What-is-TextNow (Last visited 6/24/20241).

5

particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

16.     In addition, I am aware that TextNow Inc. retains text message and call logs, text message content, voicemail content, and media content (including images, videos, and voicemails) sent or received by TextNow users.

17.     In some cases, account users will communicate directly with a provider about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users. Providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

<u>INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED</u>

18.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require TextNow Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

cause to seal these documents because their premature disclosure may seriously

jeopardize that investigation.

Respectfully submitted,

_____

BRIAN ROSE
Task Force Officer
Federal Bureau of Investigation

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedures

Date: __Jun 24 2024_____

City and state: __Portland, Maine_____

_____
Judge's signature

__Karen Frink Wolf,  U.S. Magistrate Judge__
Printed name and title

8